IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD WAYNE LEWIS,

    Plaintiff,

v.                                                                                Civil Action No. **3:10CV150**

JONATHAN ANDREWS,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a former federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens* action.[1] Plaintiff alleges that Defendant, a United States Probation Officer, violated his rights by incorrectly stating in a Pre-Sentencing Report that Plaintiff was an armed career offender. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for

failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Plaintiff alleges that the Defendant "committed slander and defamation of character when he recommended in [his] report that [Plaintiff] was an armed career criminal."[2] (Compl. 3.) At the sentencing hearing, the Court noticed the error in the report and corrected the Defendant's report. (Compl. 3–4.) Plaintiff alleges that Defendant "jack[ed] up [Plaintiff's] criminal history to give [him] more time or the prosecutors persuaded the probation officer to jack up [Plaintiff's] criminal record." (Compl. 4.) Plaintiff suggests that the Defendant is corrupt. (Compl. 4.) Plaintiff requests that the Court "impose sanction[s] against the Probation Office and grant a civil judgment in the amount of fifty million dollars for defamation of character and slander and other punitive damages." (Compl. 4.)

## Analysis

Absolute immunity extends to judges and officials who perform functions closely associated with the judicial process. *Butz v. Economou*, 438 U.S. 478, 512–14 (1978); *Cooper v.*

---

[2] The Court has corrected the capitalization, spelling, and punctuation of all quotations from Plaintiff's pleadings.

*Johnson*, 652 F. Supp. 2d 33, 38 (D.D.C. 2009). "'The presentence report is an integral part of the judicial function of sentencing.'" *Cooper*, 652 F. Supp. 2d at 38 (*quoting Turner v. Barry*, 856 F.2d 1539, 1540 (D.D.C. 1988)). Probation officers act on behalf of the Court when preparing the reports, and are essentially an arm of the sentencing judge. *Id.* Thus, they are absolutely immune from suits for damages arising out of their official duties. *Hili v. Sciarrotta*, 140 F.3d 210, 214 (2d Cir. 1998); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986); *Cooper*, 652 F. Supp. 2d at 38; *Marone v. Greene Cnty. Prob. Dep't*, No. 1:08-CV-658 (LEK/RFT), 2008 WL 4693196, at *3 (N.D.N.Y. Oct. 22, 2008); *Gant v. U.S. Prob. Office*, 994 F. Supp. 729, 733 (S.D. W. Va. 1998). Accordingly, because Defendant is absolutely immune from suit, Plaintiff fails to state a claim upon which relief can be granted.[3]

Furthermore, "a defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment." *Sterne v. Thompson*, No. 1:05CV477, 2005 WL 2563179, at *4 (E.D. Va. Oct. 7, 2005) (*citing Siegert v. Gilley*, 500 U.S. 226, 234 (1991); *Paul v. Davis*, 424 U.S. 693, 705 (1976); *Tigrett v. Rectors & Visitors*, 290 F.3d 620, 628–29 (4th Cir. 2002)). "The claimant must, at the very least, allege the loss of a constitutionally protected liberty or property interest." *Id.* (*citing Paul*, 424 U.S. at 711–12). The Plaintiff has only obliquely alleged damage to his reputation, (Compl. 3–4), which is not a constitutionally protected interest, *Siegert*, 500 U.S. at 233 ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). Accordingly, it is RECOMMENDED that Plaintiff's Motion for Summary Judgment (Docket No. 14) be DENIED and the claim be DISMISSED.

---

[3] Although it appears from the face of the complaint that Plaintiff also seeks damages from the "United States Probation Office Eastern District," such attempt would also fail. Actions arising under *Bivens* are not subject to theories of vicarious liability. *Iqbal*, 129 S. Ct. at 1948.

4

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing the amended complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ MHL
M. Hannah Lauck
United States Magistrate Judge

Date: /-5-11
Richmond, Virginia