IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD WAYNE LEWIS,

    Plaintiff,

v.                                                                                                         Civil Action No. **3:10CV150**

**JONATHAN ANDREWS,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a former federal inmate, brings this *Bivens*[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

#### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Plaintiff alleges that the Defendant "committed slander and defamation of character when he recommended in [his] report that [Plaintiff] was an armed career criminal."[2] (Compl. 3.) At the sentencing hearing, the Court noticed the error in the report and corrected the Defendant's report. (Compl. 3–4.) Plaintiff alleges that Defendant "jack[ed] up [Plaintiff's] criminal history to give [him] more time or the prosecutors persuaded the probation officer to jack up [Plaintiff's] criminal record." (Compl. 4.) Plaintiff suggests that the Defendant is corrupt. (Compl. 4.) Plaintiff requests that the Court "impose sanction[s] against the Probation Office and grant a civil judgment in the amount of fifty million dollars for defamation of character and slander and other punitive damages." (Compl. 4.)

---

[2] The Court has corrected the capitalization, spelling, and punctuation of all quotations from Plaintiff's pleadings.

2

### Analysis

Absolute immunity extends to judges and officials who perform functions closely associated with the judicial process. *Butz v. Economou*, 438 U.S. 478, 512–14 (1978); *Cooper v. Johnson*, 652 F. Supp. 2d 33, 38 (D.D.C. 2009). "'The presentence report is an integral part of the judicial function of sentencing.'" *Cooper*, 652 F. Supp. 2d at 38 (*quoting Turner v. Barry*, 856 F.2d 1539, 1540 (D.D.C. 1988)). Probation officers act on behalf of the Court when preparing the reports, and are essentially an arm of the sentencing judge. *Id.* Thus, they are absolutely immune from suits for damages arising out of their official duties. *Hili v. Sciarrotta*, 140 F.3d 210, 214 (2d Cir. 1998); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986); *Cooper*, 652 F. Supp. 2d at 38; *Marone v. Greene Cnty. Prob. Dep't*, No. 1:08-CV-658 (LEK/RFT), 2008 WL 4693196, at *3 (N.D.N.Y. Oct. 22, 2008); *Gant v. U.S. Prob. Office*, 994 F. Supp. 729, 733 (S.D. W. Va. 1998). Accordingly, because Defendant is absolutely immune from suit, Plaintiff fails to state a claim upon which relief can be granted.[3]

Furthermore, "a defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment." *Sterne v. Thompson*, No. 1:05CV477, 2005 WL 2563179, at *4 (E.D. Va. Oct. 7, 2005) (*citing Siegert v. Gilley*, 500 U.S. 226, 234 (1991); *Paul v. Davis*, 424 U.S. 693, 705 (1976); *Tigrett v. Rectors & Visitors*, 290 F.3d 620, 628–29 (4th Cir. 2002)). "The claimant must, at the very least, allege the loss of a constitutionally protected liberty or property interest." *Id.* (*citing Paul*, 424 U.S. at 711–12). The Plaintiff has only obliquely alleged damage to his reputation, (Compl. 3–4), which is not a constitutionally protected interest, *Siegert*, 500 U.S. at 233 ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). Accordingly, it is RECOMMENDED that Plaintiff's Motion for Summary Judgment (Docket No. 14) be DENIED and the claim be DISMISSED.

(Jan. 5, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. Plaintiff has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

---

[3] Although it appears from the face of the complaint that Plaintiff also seeks damages from the "United States Probation Office Eastern District," such attempt would also fail. Actions arising under *Bivens* are not subject to theories of vicarious liability. *Iqbal*, 129 S. Ct. at 1948.

court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. CONCLUSION

There being no objections, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2-23-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge